IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| WAYNE ANTHONY ROBERTSON, | * |
| Petitioner | * |
| v. | * CIVIL ACTION NO. PJM-15-3371 |
| FRANK B. BISHOP, et al., | * |
| Respondents | * |

******

## MEMORANDUM OPINION

On November 4, 2015, Petitioner Wayne Anthony Robertson filed the instant 28 U.S.C. § 2254 habeas corpus application attacking his convictions for attempted first degree murder and related offenses entered in 1996 by the Circuit Court for Baltimore County, Maryland. ECF 1. Respondents filed an Answer indicating that the Petition must be dismissed as an unauthorized successive Petition under 28 U.S.C. §2244(b)(3)(A). ECF 4. Petitioner has replied. ECF 5.[1]

Petitioner previously sought habeas relief in this court in 2001, challenging his judgment of conviction rendered in the Circuit Court for Baltimore County in 1996. *See Robertson v. Conroy,,* PJM-01-2447 (D. Md.). That case was decided on the merits and denied in a Memorandum and Order dated May 23, 2002. ECF 4-1.

Under 28 U.S.C. § 2244, Petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303,

---

[1] In his reply, Petitioner argues that his claims regarding illegal sentence were never raised in a prior petition and that the Court, generally, should consider all his constitutional claims. EDF 5, p. 2. Even if the claims were not previously raised, the instant Petition remains successive and Petitioner must secure authorization for its review.

1

1305-07 (11th Cir. 1996). The pending Petition is successive and this court may not consider it until the United States Court of Appeals for the Fourth Circuit enters an order authorizing the court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Petitioner has complied with this "gatekeeper" provision, the pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions to obtain the aforementioned authorization Order. The procedural requirements and deadlines are extensive. Consequently, this Clerk shall be directed to provide Petitioner a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition. It is to be emphasized that Petitioner must file the request for authorization with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel,* 529 U.S. 473, 484 (2000)). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

A separate Order follows.

March 3, 2016

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE